IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

QUALICENTERS SALEM, LLC d/b/a
QCI SALEM,                                              No. 3:21-cv-00295-JR

                        Plaintiff,                      ORDER

        v.

SHASTA ADMINISTRATIVE SERVICES, INC.
And FIRST CHOICE HEALTH NETWORK, INC.,

                        Defendant.

HERNÁNDEZ, District Judge,

        On January 31, 2022, Magistrate Judge Russo issued an amended order (ECF 79) to

continue briefing on Defendant Shasta Administrative Services, Inc.'s motion for summary

judgment (ECF 40) and motion to continue pursuant to Fed. R. Civ. P. 56(d) (ECF 41). Judge

Russo also denied Defendant Shasta's motion to stay discovery (ECF 44). In accordance with the

motions to continue, she also denied (without prejudice) Defendant's motion for summary

judgment, to allow Plaintiff to fully respond after the additional discovery. On February 14,

2022, Defendant Shasta filed objections to the Order (ECF 81). The matter is now before the

Court pursuant to Federal Rule of Civil Procedure 72(a).

1  - ORDER

At the outset, the Court rejects Defendant Shasta's argument that Judge Russo's Order—which merely postpones resolution of Defendant's motion for summary judgment—was dispositive and thus subject to de novo review. If a ruling on a motion is not determinative of "a party's claim or defense," it is not dispositive and, therefore, is not subject to de novo review like proposed findings and recommendations for dispositive motions under 28 U.S.C. § 636(b)(1)(B). Here, even if Judge Russo's order subjects Defendants to additional discovery and litigation costs, her decision did not "dispose of any claims or defenses and did not effectively deny [Defendants] any relief sought." *S.E.C. v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013) (holding that even the *denial* of a motion to stay may be non-dispositive). Although Judge Russo wrote that she "denied without prejudice" Defendant Shasta's motion for summary judgment, she explained further that it was "to be refiled at the conclusion of the discovery identified by Plaintiff in its Rule 56(d) motion." Order 12. And viewing her order in its entirety, it is clear to the Court that Judge Russo intended only to defer resolution of Defendant's motion until after Plaintiff conducted additional discovery—as Rule 56(d) contemplates—not that she was "disposing of any [of Defendant's] claims or defenses" or "effectively denying [Defendants] any relief sought." *CMKM Diamonds*, 729 F.3d at 1260.

In accordance with Rule 72(a), "[w]hen a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). The standard of review for an order with objections is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A) (applying the "clearly erroneous or contrary to law" standard of review for non-dispositive motions).

The Court has carefully considered Defendant Shasta's objections and concludes they do

not provide a basis to modify the Magistrate Judge's Order. Essentially, Shasta argues that postponing resolution of its motion for summary judgment was error because "Shasta's motion argues that [Plaintiff's] claims are barred no matter the legal theory or underlying facts." Obj. 8. Unfortunately for Shasta, Judge Russo disagreed: "To accept Shasta's assertion that the Court can simply interpret the statute in a virtual vacuum, especially in a case alleging fraud and estoppel and one in which the purported interpretation is newly asserted by the moving party despite the statute's existence for ten years, would be tantamount to deciding the merits of the summary judgment motion through the motion to continue." Order 10. Continuing, Judge Russo detailed several other ways that additional discovery may negate or contradict Shasta's arguments. *See* Order 10–11. In sum, Judge Russo's Order was not clearly erroneous or contrary to law because it appropriately applied Federal Rule of Civil Procedure 56(d)'s standards for postponing resolution of Defendant's motion for summary judgment. Especially where the Ninth Circuit has instructed that "district courts should grant Rule 56(d) motion[s] fairly freely" when they are filed early in a case and the opposing party has not had sufficient opportunity to "pursue discovery relating to its theory of the case." *Jacobson v. Dep't of Homeland Sec.*, 882 F.3d 878, 883 (9th Cir. 2018).

## CONCLUSION

The Court AFFIRMS Magistrate Judge Russo's Order, ECF 79.

IT IS SO ORDERED.

DATED: _____May 27, 2022_____.

_____
MARCO A. HERNÁNDEZ
United States District Judge

3  - ORDER